UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Banner Life Insurance Company, | Case No. 22-cv-605 (JRT/DJF) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION ON MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT** |
| Maxwell Bultman, Jake Lester, Andrea Librizzi. | |
| Defendants. | |

This is an Interpleader action brought by Plaintiff Banner Life Insurance Company ("Banner") for a judicial determination of who among the Defendants may claim the proceeds of a Banner life insurance policy held by a deceased policyholder, John Bultman. This matter is before the Court on Crossclaim Plaintiff Andrea Librizzi's Motion for Leave to File Third-Party Complaint ("Motion") (ECF No. 61). Librizzi seeks to file a third-party complaint adding John Bultman's sister, nonparty Jeanne Femrite, as a third-party defendant to this action by lodging against Femrite the same tortious interference with an expectancy of inheritance claim as the crossclaim she previously asserted against John Bultman's sons, Cross-Defendants Maxwell Bultman ("Maxwell")[1] and Jake Lester (*see* ECF Nos. 24, 61). Maxwell and Lester oppose the Motion (ECF No. 67) and Banner takes no position. The Court finds Librizzi's claim against Femrite is not cognizable as a third-party complaint. Though the Court has the authority to construe the Motion as a motion seeking to join Femrite to Librizzi's crossclaim against Maxwell and Lester, it recommends against granting Librizzi leave to file the amended crossclaim because

---

[1] To avoid confusion the Court refers to Defendant Maxwell Bultman as "Maxwell" and to John Bultman, as "John Bultman".

1

Librizzi fails to state a claim for relief, allowing the proposed amendment would prejudice the other parties, and her motion is untimely.

## BACKGROUND

**I.    Procedural History**

On September 30, 2022, Librizzi filed a motion for leave to amend her crossclaim against Maxwell and Lester to join Jeanne Femrite as a defendant to the tortious interference claim she had previously asserted against them, and to lodge a new breach of third-party beneficiary contract claim against Femrite, Maxwell and Lester (ECF No. 43-2 at ¶ 61–74). Librizzi filed her motion, on the last possible day before the deadline to file amended pleadings expired, without a meet and confer statement as required under Local Rule 7.1. (*See* ECF No. 30.) Noting on October 12, 2022 that she still had not met the meet and confer requirement, the Court ordered her to do so by October 19, 2022. (ECF No. 50.) Librizzi, Maxwell and Lester subsequently met and conferred and narrowed their dispute (ECF No. 52), and on October 19, 2022, Librizzi filed an amended motion based on the parties' meet and confer meeting. (ECF No. 51.) In her amended motion, Librizzi dropped the proposed third-party beneficiary contract claim but continued to seek an amendment to her pleading adding Femrite to the tortious interference with an expectancy of inheritance crossclaim against Maxwell and Lester (ECF No. 51-2 at ¶ 61–74).

Defendants Maxwell and Lester timely filed a response in opposition to the amended motion on October 28, 2022. (ECF No. 57.) Maxwell and Lester argued that Librizzi's proposed claim against Femrite was improperly styled as a crossclaim rather than a third-party complaint under Fed. R. Civ. P. 14. (*Id.* at 3-5.) They further argued that the Court should deny the amended motion because the proposed claim was both unripe and futile, and because the motion was, at that point, untimely. (*Id.* at 5-8.)

On November 14, 2002, without first seeking the Court's leave, Librizzi filed a letter to the Court requesting permission to file an attached purported "reply memorandum," which upon examination did not reply to Maxwell and Lester's response, but rather, sought to file an entirely different, third iteration of her proposed amended pleading. (ECF No. 58.) The Court denied her request and advised that it would issue a decision based on the documents in the record. (ECF No. 59.)

## II.     Librizzi's Motion for Leave to File Third-Party Complaint

Librizzi responded to the Court's Order on November 23, 2022 by withdrawing the pending motion to amend and instead filing the Motion for Leave to File Third Party Complaint that is now before the Court. (*See* ECF No. 61.) Librizzi's Motion attaches a third-party complaint that identifies Femrite as a third-party defendant to her tortious interference claim. (*Id.*) Although the deadline to add parties expired on September 30, 2022, Librizzi's Motion was not accompanied by a motion for an extension of that deadline.

Librizzi argues the Court should grant leave for her to file the proposed third-party complaint for two reasons. First, she states that joinder of Femrite is necessary so she can seek indemnification or contribution from Femrite for any attorneys' fees or costs Librizzi may owe Banner in connection with its interpleader claims. (*See* ECF No. 63 at 3-4.) Librizzi states that Banner seeks $18,886.20 in attorneys' fees and $655.78 in costs, to be deducted from the interpleader fund Banner has deposited into the Registry of the Court. (*Id.*) Librizzi contends a significant amount of the costs Banner has incurred in this litigation flow from discovery relating to the manner of premium payments and electronic communications between Banner and John Bultman. (*Id.*) Because Femrite is allegedly in control of John Bultman's phone and email address, Librizzi argues Femrite is the source of Banner's discovery-related attorneys' fees and costs. (*See*

3

*id.* at 4.) Librizzi further argues that because Femrite tortiously interfered with her expectancy under John Bultman's life insurance policy—forcing Banner to file this interpleader action—Femrite is liable for any attorneys' fees and costs owed to Banner from the interpleader fund. (*Id.*)

Second, Librizzi argues Femrite is a joint tortfeasor to the crossclaim Librizzi lodged against Maxwell and Lester. (*Id.*) The Court should grant the Motion, in her view, because whenever the governing law recognizes a right of contribution, the Federal Rules of Civil Procedure permit the use of impleader to seek relief from joint tortfeasors. (*Id.*) Librizzi further argues joinder under Fed. R. Civ. P. 20 is appropriate because her tortious interference claim against Femrite is "reasonably related" to her tortious interference claims against Maxwell and Lester. (*Id.* at 6-7.) Finally, Librizzi asserts the third-party complaint against Femrite will not prejudice Banner because discovery only recently began, and because the claim against Femrite arises out of the same set of facts and allegations Librizzi makes against Maxwell and Lester. (*Id.* at 7-8.)

Maxwell and Lester oppose Librizzi's Motion on grounds that the Motion is both futile and untimely (ECF No. 67). They contend Librizzi fails to state a claim for relief because Minnesota law governs this diversity action, and Minnesota law does not recognize a claim for tortious interference with an expectancy of inheritance. (*Id.* at 6-8.) They further contend Librizzi's claim would not survive a dismissal motion under Fed. R. Civ. P. 12(b)(6) because it is "rooted in pure speculation and conjecture." (*Id.* at 8-9.) Next, they argue adding Femrite to this action is superfluous, because "If [Librizzi] prevails in the current underlying action, she will receive the proceeds of the policy and will have no damages to recoup from Jeanne Femrite. If she fails in the underlying action, in which case Maxwell Bultman and Jake Lester are declared the proper beneficiaries, that necessarily means no wrongdoing occurred and Andrea LiBrizzi is not entitled

4

to any damages ….") (*Id.* at 9-10.) Maxwell and Lester further contend Librizzi's Motion is faulty because she improperly invokes Fed. R. Civ. P. 20 (regarding permissive joinder of parties). (*Id.* at 10-11.) Finally, they argue the Court should deny the motion because Librizzi filed it close to two months past the deadline for amending or supplementing the pleadings. (*Id*. at 11.)

During the motions hearing Librizzi asserted that the Court should reject Maxwell and Lester's arguments under Minnesota law because the applicable choice of law rules require the Court to analyze her claims under the laws of Florida where the policy was signed, and because unlike Minnesota, Florida recognizes a claim for tortious interference with an expectancy of inheritance. The Court permitted the parties to file post-hearing letters addressing the choice of law issue. (ECF Nos. 73-74.) The undersigned Magistrate Judge now issues a Report and Recommendation to the District Judge based on the existing record.

## ANALYSIS

Having considered the parties' arguments, the written submissions and all of the documents in the record, the Court recommends Librizzi's Motion be denied for four reasons: First, contrary to Maxwell and Lester's assertion, Rule 14 is not the correct procedural vehicle for Librizzi's claim against Femrite. Rather, as Librizzi initially proposed (but later abandoned in response to the opposition), the claim should have been brought through a motion to amend Librizzi's answer under Federal Rules of Civil Procedure 15 (governing amendment to pleadings), 13(h) (allowing the joinder of any "person as a party to a … crossclaim") and 20 (governing permissive joinder of parties). Second, the Court should decline to exercise its discretion to allow amendment in this case because the addition of Femrite would be unduly prejudicial to the other parties in this action and would not serve the interests of justice. Third, the Court finds the joinder of Femrite to this lawsuit would be futile, because Librizzi's claims against her are too speculative to survive a

5

motion to dismiss under Rule 12(b)(6). Fourth, the Court finds the Motion is untimely and is neither supported by a motion for an extension of time nor any reasonable basis for extending time under Fed. R. Civ. P. 6(b).[2]

## I. THE APPLICABLE RULES

### A. Rule 14

Under Fed. R. Civ. P. 14(a)(1), a "defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to if for all or part of the claim against it." "Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim. Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003) (quotation omitted). "The crucial characteristic of a Rule 14 claim is that the defendant is attempting to transfer to the third-party defendant the liability asserted against the defendant *by the original plaintiff*." 6 Wright and Miller, Fed. Prac. & Proc. Civ. § 1446 (3d ed.) (emphasis added).

Here, Banner is the original plaintiff. Although Banner seeks recovery of its legal fees from the interpleader fund, it does not assert any independent claim for damages against Librizzi personally; rather, its only claims against any defendant are for declaratory and injunctive relief. (ECF No. 1.) Librizzi's tortious interference claim against Femrite—identifying her as a joint tortfeasor with Maxwell and Lester for interference with Librizzi's alleged expectancy of

---

[2] Having determined that the Motion should be denied for these reasons, the Court declines to address the parties' choice of law arguments, which appear to raise fact questions not addressed in the existing record and which the parties have not fully briefed. *See, e.g.*, *Cantonis v. Stryker Corp.*, 09-cv-3509-JRT-JJK, 2010 WL 6239354, at *3 (D. Minn. Nov. 23, 2010), *report and recommendation adopted*, 09-cv-3509-JRT-JJK, 2011 WL 1084971 (D. Minn. Mar. 21, 2011).

inheritance—arises not out of Banner's future request for fees and costs and Librizzi's potential liability for those fees and costs, but out of Librizzi's freestanding tortious interference crossclaim lodged against Maxwell and Lester. *See Baltimore & Ohio R. Co. v. Central Ry. Servs., Inc.*, 636 F. Supp. 782 (E.D. Pa. 1986) (finding that a third-party complaint raising tortious interference with contractual relations was not cognizable as a third-party complaint in an interpleader action because "the claims asserted … [were] not based upon the plaintiffs' claims against the defendant … but upon the defendants' counterclaims against the plaintiffs.").

Additionally, because Femrite is not a claimant under the life insurance policy at issue in Banner's interpleader action, she would be an extremely atypical source of payment for Banner's fees and costs. Courts provide attorneys' fees and costs to the insurance company as a disinterested stakeholder in an interpleader action, in part, because "such actions benefit the *claimants* by facilitating an early determination regarding ownership of the claimed funds." *Protective Life Ins. Co. v. Kridner*, 12-cv-582-JRT-JJG, 2013 WL 1249205, at * 2 (D. Minn. March 27, 2013) (emphasis added) (quoting *Allianz Life Ins. v. Agorio*, 852 F.Supp.2d 1163, 1168 (N.D.Cal.2012)). Librizzi does not cite, nor has the Court found, any case permitting a defendant in an interpleader action to seek indemnification or contribution from a nonparty for attorneys' fees and costs potentially owed to a plaintiff interpleader. Librizzi's attempt to bring her claims against Femrite through a third-party complaint under Rule 14 is therefore improper.

**B.** **Rules 13(h) and 20**

Although the Court finds Librizzi's tortious interference with an expectancy of inheritance claim is not cognizable as a third-party complaint, it considers whether to construe Librizzi's motion for leave to file a third-party complaint as a motion for leave to amend her answer under Fed. R. Civ. 15 in order to join Femrite to Librizzi's permissive crossclaim against Maxwell and

Bultman under Fed. R. Civ. P. 13(h). *See, e.g.*, *Baltimore & Ohio R. Co.*, 636 F. Supp. at 786 (denying motion for leave to file a third-party complaint but permitting joinder pursuant to FRCP 13, 19 and 20).

Rule 13(h) provides that the standards set forth under Rules 19 and 20 apply to the joinder of additional persons as parties to crossclaims and counterclaims. Rule 19 governs required joinder and Rule 20 governs permissive joinder. Fed. R. Civ. P. 19 and 20. Librizzi does not contend that joinder of Femrite is required under Rule 19; rather, she cites Rule 20 as the basis for her Motion. (*See* ECF No. 63 at 6.). Rule 20(a)(1) provides that:

"Persons … may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action."

"The purpose of [Rule 20] is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *American Ins. Co. v. St. Jude Medical, Inc.*, 597 F. Supp. 2d 973, 980 (D. Minn. 2009) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir.1974)). "It permits all 'reasonably related' claims against different parties to be 'tried in a single proceeding.'" *Id.* (citing *Mosley*, 497 F.2d at 1332). Reasonable relation is addressed on a case-by-case basis. *Id.* (citing Mosley, 497 F.2d at 1332).

"Taken together, Rule 13(h) and Rule 20 make it clear that if a [cross]claim is properly asserted [against a party present in the litigation], then any person whose joinder in the original action would have been possible under Rule 20 may be added as a party to the [cross]claim" whether or not that person is presently a party to the action. *See PMI Nebraska, LLC v. Nordhues*, 18-cv-3126-JMG, 2019 WL 3683531, at *1 (D. Neb. Aug. 6, 2019) (citing 6 Wright & Miller et

8

al., Fed. Prac. and Prod. § 1434 (3d ed. 2010 & Supp. 2019)); *Pace v. Timmermann's Ranch & Saddle Shop Inc.*, 795 F.3d 748, 755 n.9 (7th Cir. 2015)). In other words, so long as there exists a properly lodged crossclaim against a party present to the litigation at issue, the crossclaim plaintiff may join nonparties to the crossclaim if the claims against those nonparties meet the requirements of Rule 20. *See* 6 Wright & Miller et al., Fed. Prac. and Prod. § 1434 (3d ed. 2010 & Supp. 2019) (noting that Rule 13(h) through Rule 20 is frequently used as a vehicle to "add joint tortfeasors").

The Court finds Librizzi's proposed crossclaim against Femrite meets the requirements of Rule 20. The proposed tortious interference claim against Femrite is virtually identical to the crossclaims she asserts Maxwell and Lester, which are rooted in Femrite's alleged conduct. These claims arise out of the same transaction, occurrence, or series of transactions or occurrences and raise common questions of law and fact. The Court therefore concludes that Librizzi's motion to file a third-party complaint against Femrite is instead properly cognizable as motion to amend her answer to add Femrite as a cross-defendant under Rule 13(h).

## II.     AMENDMENT UNDER RULE 15

The Court's finding that Rule 13(h) applies does not end the inquiry, however, since under Rule 15 Librizzi cannot amend her Answer to add the Femrite crossclaim without leave of Court. Fed. R. Civ. P. 15 (providing that a party may amend a pleading as a matter of course within 21 days of serving it or within 21 day of service of a responsive pleading or motion; in all other cases leave of court is required).[3] Under Rule 15(a)(2), the Court must "freely grant leave when justice so requires." Although this is a liberal standard, it does not give parties an absolute right to amend their pleadings. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). "A decision

---

[3] Librizzi filed her Answer and Counterclaim on June 7, 2022 (ECF No. 24). She filed her first motion to amend on September 30, 2022 (ECF No. 43), which she later withdrew (ECF No. 60). She filed the Motion currently before the Court on November 23, 2022 (ECF No. 61).

whether to allow a party to amend her complaint is left to the sound discretion of the district court." *Popaolii v. Correctional Medical Svcs.*, 512 F.3d 488, 497 (8th Cir. 2008). A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Id.* (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)). For the reasons that follow, the Court recommends denial of Librizzi's motion to amend on grounds of undue prejudice to the other parties, futility and undue delay.

### A.   **Prejudice**

Librizzi argues the addition of Femrite would not prejudice the other parties because discovery only recently began, and because the claim against Femrite arises out of the same set of facts and allegations Librizzi makes against Maxwell and Lester. The Court disagrees. The due date for the completion of all fact discovery is February 1, 2023—approximately one month from the date of this Order. (*See* ECF No. 30.) If the Court were to allow joinder of Femrite at this late date, she would justifiably seek a lengthy extension of that deadline to conduct discovery into the claims against her. That these claims arise from the same facts as those asserted against Maxwell and Lester is of little consequence, since Femrite would be entitled to conduct her own discovery without relying on other parties to investigate the claims against her. And while the Court acknowledges much more time for discovery would have been available had the Court decided her first motion to amend immediately after she filed it at the end of September, the fact that several months have now passed since that date is a problem of her own making. Her initial failure to meet and confer with opposing counsel (*see* ECF No. 50), her repeated failures to comply with the other requirements of Local Rule 7.1—resulting in additional delays (*see* ECF Nos. 53, 59 and

10

69), and her indecision about what claims to bring and how to bring them (*see* ECF Nos. 43, 51, 58, 60 and 61), have brought us to where we are now, nearing the end of fact discovery period.

Moreover, the delay that necessarily would result from the addition of Femrite to this case at this late date would be uniquely prejudicial to the other parties in this case. The purpose of an interpleader action is to resolve conflicting claims for insurance benefits efficiently. *Supra* at 7. Librizzi's crossclaims and multiple attempts to amend those crossclaims have undermined that purpose by adding significant layers of complexity and costs to these proceedings. Banner stands in the position of a disinterested bystander that has already incurred additional, unanticipated fees and costs in connection with Librizzi's Motion and will continue to incur fees and costs until this matter is finally resolved. Any delay in the proceedings caused by the addition of Femrite would add to its expenditures. Furthermore, to the extent Banner is able to recover its fees and costs from the interpleader fund, the delay caused by the addition of Femrite would reduce any recovery Maxwell and Lester are able to claim from that fund if they prevail, and would increase their own defense costs even if they do not. The Court therefore finds that the addition of Femrite at this point in the proceedings would be unduly prejudicial to the other parties.

    2.    **Futility**

The Court also recommends denial of Librizzi's motion on the ground that it would be futile. "Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)). Here Librizzi seeks to amend so that she can bring a crossclaim against Femrite for tortious interference with an expectancy of inheritance. Assuming without deciding that

Florida law governs this claim, Librizzi's proposed pleading does not allege sufficient facts to survive a motion to dismiss this claim under Fed. R. Civ. P. 12(b)(6).

To establish a tortious interference with an expectancy of inheritance claim under Florida state law, "the complaint must allege the following elements: (1) the existence of an expectancy; (2) intentional interference with the expectancy through tortious conduct; (3) causation; and (4) damages." *Schilling v. Herrera*, 952 So.2d 1231, 1234 (Fla. Dist. Ct. App. 2007) (citations omitted). The purpose of this tort "is to protect the testator, not the beneficiary." *Id.* (citing *Whalen v. Prosser*, 719 So.2d 2, 6 (Fla. Dist. Ct. App. 1998)). Thus, the "fraud, duress, undue influence, or other independent tortious conduct required for this tort is directed at the testator." *Id.* (quoting *Prosser*, 719 So.2d at 6).[4]

Librizzi's proposed crossclaim fails on the second element in that it lacks any allegation of conduct on the part of Femrite actually known to Librizzi that is in fact tortious. She alleges Femrite "disrupted John Bultman's household and drove a wedge between them" (ECF No. 61 ¶ 35), that Femrite "influenced John Bultman to sign a Durable Power of Attorney to Femrite" (*id*. at ¶ 37), that Femrite has stated she was present when the beneficiary change forms naming Maxwell and Lester were signed (*id*. at ¶¶ 42-45), and that the beneficiary change forms were signed at a location other than the place where John Bultman resided (*id.* ¶¶ 48, 63). While these allegations suggest involvement on the part of Femrite, and that she influenced John Bultman's decisions, Librizzi's proposed crossclaim falls short of alleging any form of influence that was undue. In other words, Librizzi does not point to anything she knows Femrite actually did that

---

[4] The complainant also must demonstrate she has exhausted all available remedies in probate court or show that probate court remedies are inadequate. *Prosser*, 719 So.2d at 6. Because a life insurance policy is at issue, Librizzi's remedies in probate court are likely inadequate. *See, e.g., Mulvey v. Stephens*, 250 So. 3d 106, 109–110 (Fla. Dist. Ct. App. 2018).

sought to take unfair advantage of him. And the mere fact that he assigned durable power of attorney to Femrite—his sister—does not create a reasonable inference of undue influence. Librizzi further asserts that, "Upon information and belief" Femrite either "controlled and influenced" the signing of the beneficiary change forms or actually signed them herself (*id.* at ¶¶ 65-66). But since Librizzi admits Femrite had John Bultman's Durable Power of Attorney when the forms were signed, any wrongdoing arising from these allegations—if true—is unclear. Moreover, the inferences Librizzi seeks to draw "upon information and belief" are not supported by actual knowledge of wrongdoing. The speculative and conclusory nature of her proposed crossclaim against Femrite leads the Court to conclude that it would not survive a motion to dismiss under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). The Court accordingly recommends denial of her Motion on grounds of futility.

### D. Rules 6(b) and 16(b)(4)

Finally, the Court finds Librizzi's motion should be denied on the ground that it is untimely. "If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule. Fed.R.Civ.P. 16(b)." *Popaolii*, 512 F.3d at 497. The deadline to amend claims or add parties expired almost two months before she filed her Motion. (*See* ECF Nos. 30, 61.) While Librizzi's first motion to amend would have been timely had she met the requirements of L.R. 7.1 when she filed it, as described above, her actions after that date have led to significant unnecessary delays. *See supra* at 10-11. Moreover, Librizzi has not moved the Court for an extension of the deadline under Fed. R. Civ. P. 16 and has not attempted to establish good cause for such an extension. The Court accordingly recommends that her Motion be denied on the ground that it is untimely.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Defendant Andrea Librizzi's Motion for Leave to File a Third-Party Complaint (ECF No. 61) is **DENIED.**

Dated: December 28, 2022                    *s/ Dulce J. Foster*
                                            Dulce J. Foster
                                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).